O'CONNOR PLAYDON & GUBEN LLP
A LIMITED LIABILITY LAW PARTNERSHIP

JERROLD K. GUBEN    3107-0
JEFFERY S. FLORES   8691-0
733 Bishop Street, 24th Floor
Honolulu, Hawaii 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
jkg@opglaw.com
jsf@opglaw.com

Attorneys for Debtor,
WESTERN APARTMENT SUPPLY &
MAINTENANCE CO.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | Case No. _____ |
| --- | --- |
| WESTERN APARTMENT SUPPLY & MAINTENANCE CO., a California corporation, | (Chapter 11) |
| | DECLARATION OF CARROLL DAVIS |
| Debtor. | Hearing: |
| | Date: |
| | Time: |
| | Judge: Honorable Robert J. Faris |

**DECLARATION OF CARROLL DAVIS**

I, Carroll Davis, hereby declare as follows:

1. I am the President of Western Apartment Supply & Maintenance Co., ("Debtor"), the Debtor, and the Responsible Person.

2. I submit this Declaration in Support of the Debtor's Motion for Interim Use of Cash Collateral and other various "First Day" motions and applications filed in the Debtor's Chapter 11 bankruptcy case.

4. Except as otherwise indicated, all of the facts set forth in this Declaration are based upon my personal knowledge and my review of relevant documents of the Debtor. I am competent to testify to the matters herein set forth and, if called upon to do so, I could and would testify to the matters set forth herein.

## I. BACKGROUND

5. The Debtor is a California corporation established in 1992 and I have been the sole owner and president of the Debtor for the entire period.

## II. PROCEDURAL BACKGROUND

6. On January 12, 2004, Western Apartment Supply & Maintenance Co. filed its Chapter 11 petition and continued to operate as Debtor-in-Possession in Case No. 04-00072.

7. During Case No. Case No. 04-00072, I was the Responsible Person and conducted the business of the Maui Oceanfront Inn ("MOI") in compliance with the provisions of the Bankruptcy Code.

8. During Case No. 04-00072, this Court approved the Debtor's use of cash collateral and arranged for adequate protection payments as provided

for this Court. Those payments were made, including an "assignment" of the rent from the Sarentos on the Beach lease.

9. On June 17, 2005, the chapter 11 case was dismissed and Western Apartment continued to operate.

10. On July 6, 2006, Western Apartment Supply & Maintenance Co. filed its Chapter 11 petition and continued to operate as Debtor-in-Possession in Case No. 06-00459, following transfer from the United States Bankruptcy Court Southern District of California, Case No. 06-00821, filed on April 18, 2006.

11. During Case No. Case 06-00459, I was the Responsible Person and conducted the business of the "MOI" in compliance with the provisions of the Bankruptcy Code.

12. On March 7, 2007, the chapter 11 case was dismissed and Western Apartment continued to operate.

13. The Debtor has filed a petition for relief under Chapter 11 of the Bankruptcy Code.

14. The Debtor continues to operate and manage its business, as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

15. No creditors' committee has been appointed in this case. No trustee or examiner has been appointed.

## III. DEBTOR'S OPERATIONS AND PROPERTY

16.  At the time of the filing, OneWest Bank ("OWB") has filed a Uniform Commercial Code Financing Statement, covering the various sales receipts and property of the Estate and the Debtor plans to pay OWB with adequate protection by way of replacement liens, periodic payments.

17.  The Debtor is the owner of the Days Inn Maui Oceanfront Inn ("Hotel") 2980 S. Kihei Road, Kihei, Maui, Hawaii. The Hotel was acquired in February 2000 and has been operating through Case No. 04-00072.

## IV. CHAPTER 11 FILING

18.  This Chapter 11 case has been filed in order to allow the Debtor to continue its operations, notwithstanding pending state court proceeding, <u>One West Bank v. Western Apartment Supply & Maintenance Company</u>, Civil No. 10-1-0045 (Second Circuit, State of Hawaii).

19.  Like all hotel operations, it has been affected by the downturn in the Hawaii and world economy.

20.  The Debtor has been unable to satisfy all of the financial demands, including large debt service payment to its only secured creditor, OneWest Bank.

21.  The Debtor believes with time, and the expected recovery of the economy and the recovery among the Debtor's domestic and foreign travelers, the reduction in monthly debt service payments, through adequate protection payments, it will once again be profitable.

22. I believe that this Chapter 11 will give the Company an opportunity to scale back its monthly debt service payments, to streamline operation and begin to pay down the principal amount in the plan.

## V. FIRST DAY MOTIONS AND APPLICATIONS

23. The Debtor is filing concurrently herewith various "First Day" motions and applications. The relief requested in the motions and applications will enable the Debtor to continue to operate effectively. Accordingly, the Debtor requests that all of the "First Day" motions and applications be granted in their entirety.

<u>Application for Order Authorizing Retention of O'Connor Playdon & Guben LLP as General Counsel.</u>

24. In the Application for Order Authorizing Retention of O'Connor Playdon & Guben LLP ("OPG") as General Counsel, the Debtor moves the Court for an order authorizing the Debtor to retain the law firm of O'Connor Playdon & Guben LLP, as its general counsel for this bankruptcy proceeding.

25. The Debtor has determined that it requires a law firm to represent it in this bankruptcy proceeding. The Debtor wishes to retain OPG as its general counsel in this proceeding.

26. OPG has had considerable experience in cases involving reorganization under the Bankruptcy Code. The Debtor believes it is in its best interests to employ OPG to represent it in this proceeding. OPG previously

233451v1/11-63/JSF

5

U.S. Bankruptcy Court - Hawaii    #11-00941    Dkt # 11    Filed 04/05/11    Page 5 of 11

represented the Debtor in its 2004 bankruptcy filing in the United States Bankruptcy Court for the District of Hawaii and is familiar with MOI's operations.

27. The Debtor believes that said retention should be effective as of the date upon which the voluntary petition commencing the Debtor's case was filed.

28. I have reviewed the Application for Retention of General Counsel and all the statements of facts contained therein are true and correct to the best of my knowledge, information, and belief.

29. The Debtor requests that the Application for Retention of General Counsel be granted on a preliminary basis at the "first day" hearing and the application be granted on a final basis after the required notice period has elapsed.

> Motion for (i) Entry of Interim and Final Orders Authorizing the Debtor to Borrow Funds Secured by Liens on Property of the Estate Pursuant to Sections 364(c) and (d) of the Bankruptcy Code, and (ii) Scheduling of a Final Hearing.

30. The Debtor seeks the use, on an interim basis, of the cash collateral of OneWest Bank, for the payments of post-petition expenses, including all allowed professional fees and costs, for those professionals approved by the Court and any fee arrangement also approved by the Court.

31. As for OneWest Bank, the Debtor proposes to give OneWest Bank a replacement lien upon the entry of the Interim Order in the Debtor's post-

petition revenues and determine, based on the budget, if additional or other adequate protection is needed, including a monthly payment of $60,000, including the payment from Sarentos on the Beach.

32. I have reviewed the Motion for Authorization of Use of Cash Collateral, and all the statements of fact contained therein are true and correct to the best of my knowledge, information, and belief.

33. I have personally reviewed the 30-60-90 day budget and the revenues and expenses. I believe that based on the current revenues, the Sarentos on the Beach payments that the payment of $60,000 per month as adequate protection payments is both reasonable and feasible.

> Motion for Order Pursuant to 11 U.S.C.§ 366 Prohibiting Utilities from Altering, Refusing or Discontinuing Services and Determining that Adequate Assurance of Payment of Future Utility Services Has Been Provided to Utilities

34. In the Motion for Order Pursuant to 11 U.S.C. § 366 Prohibiting Utilities from Altering, Refusing, or Discontinuing Services, and Determining that Adequate Assurance of Payment For Future Utility Services Has Been Provided (the "Motion Respecting Utilities"), the Debtor requests, among others, that the Court enter an order (I) prohibiting the Debtor's utility providers from altering, refusing, or discontinuing services to the Debtor, (II) determining that each Utility has adequate assurance of payment by the Debtor for Utility Services provided in the form of the Debtor's current payments for such services,

without the need for any deposits, and (III) establishing procedures for determining requests for additional adequate assurance

35. The Debtor's principal goal in filing its Chapter 11 petition is to permit the Debtor to continue its operations. In order to do so, utility service must be maintained at the Maui Oceanfront Inn.

36. I have reviewed the Motion Respecting Utilities, and all the statements of facts contained therein are true and correct to the best of my knowledge, information, and belief. If utility service is interrupted, the chance of a successful restructuring will be severely impaired.

37. A true and correct list of all utility services which the Debtor uses and the utility companies and other providers which provide these services is attached to the Motion Respecting Utilities as Exhibit A.

### Motion to Pay Pre-Petition Wages Post-Petition.

38. The Debtor also seeks to pay its 17 employees their pre-petition wages post-petition.

39. The Debtor's payroll period runs from March 16, 2011 to March 31, 2011. The Scheduled payment date is April 5, 2011. The Debtor wants to maintain its post-petition operation, without interruption, and it can do so by paying its accrued pre-petition wages post-petition.

### Motion for Order Authorizing the Debtor to Honor the Existing Merchant Service Agreement and Authorizing the Continued Use of the Existing Cash Management System and Bank Accounts

40. The Debtor seeks an order authorizing the Debtor to Honor its existing Merchant Service Agreement with Bank Card USA, which is attached as Exhibit A to the Motion to Honor, as well as the existing cash management system and bank accounts, attached as Exhibit B to the Motion to Honor.

41. I believe it is in the best interest of the Debtor to maintain the current Merchant Service Agreement, cash management system and bank accounts to prevent any interruptions in the Hotel's ongoing operations, especially its credit card transactions.

Motion for Order Establishing Interim Fee Application and Expense Reimbursement Procedures

42. The Debtor has requested that this Court approve an interim fee application and expense reimbursement procedures.

43. I believe that it is necessary and appropriate to establish a procedure for paying interim compensation on a monthly basis to all Professionals whose employment on a continuing basis has been duly authorized by this Court

44. I have reviewed the Memorandum in Support of the Motion for Order Establishing Interim Fee Application and Expense Reimbursement Procedures (the "Memorandum"). All of the facts set forth in the Memorandum are true and correct to the best of my knowledge, information and belief.

Motion for Order Authorizing Debtor to Honor Pre-Petition Customer Deposits and Refunds and to Honor Pre-petition Appreciation Certificates, Gift Certificates, Promotions, and Complimentary

233451v1/11-63/JSF 9
U.S. Bankruptcy Court - Hawaii   #11-00941   Dkt # 11   Filed 04/05/11   Page 9 of 11

### Coupons to Customers

45. I fully expect that the Debtor's motion seeking authority proposal to honor all pre-petition refunds of deposits, to honor the Hotel's reservation and cancellation policies, and refund any pre-petition deposits if a cancellation is made in accordance with the Hotel's cancellation policy, to honor the pre-petition deposits by giving customers a credit for such deposits when the customers arrive to stay at the Hotel, and to honor all pre-petition appreciation certificates, gift certificates, promotions, and complimentary coupons to customers, to have a de minimis impact on the operations of the Hotel.

46. I further believe that this Motion to Honor Pre-Petition Customer Deposits is critical to the Debtor preserving the goodwill of the Hotel.

### Motion for Order Authorizing Debtor to Honor Travel Agency Agreements

47. The Debtor also seeks the entry of an order to honor agreements in place between the Hotel and its travel agent, Booking.com.

48. I believe honoring the pre-petition obligation to the Debtor's travel agent is important to the Hotel's continued successful and profitable operation.

## VI. Request for Expedited Hearing.

49. Because the Bankruptcy Code requires that pre-bankruptcy expenses cannot be paid without court permission and because the Debtor requires

233451v1/11-63/JSF

10

U.S. Bankruptcy Court - Hawaii   #11-00941   Dkt # 11   Filed 04/05/11   Page 10 of 11

immediate infusion of funds to pay current operational and administrative expenses, the Debtor requests that an immediate hearing be held on the "first day" motions and applications listed above and such other emergency matters as may be brought before the Court.

## VII. Conclusion.

50. In order to minimize any loss of the value to the Debtor's business and to maximize the return to creditors and equity holders, the Debtor requests that the Court promptly hear, consider, and grant the "first day" motions and applications.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this ____ of April, 2011.

_/s/ Carroll Davis_
CARROLL G. DAVIS
President and Responsible Person of
WESTERN APARTMENT SUPPLY &
MAINTENANCE CO.

U.S. Bankruptcy Court - Hawaii   #11-00941   Dkt # 11   Filed  04/05/11   Page 11 of 11